**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ADAM C. COLLINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. IP 02-CR-123-H/F |
| ) | 1:07-cv-473-DFH-TAB |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the motion of Adam C. Collins ("Collins") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. This conclusion rests on the following facts and circumstances:

1.  Collins was charged with armed bank robbery and use of a firearm during the robbery, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c). Collins was convicted after trial by jury and was sentenced to consecutive terms totaling 223 months. His conviction and sentence were affirmed on appeal in *United States v. Collins*, 160 Fed. Appx. 514 (7th Cir. December 22, 2005).

2.  Collins now seeks relief pursuant to 28 U.S.C. § 2255. The parameters of relief pursuant to § 2255 were reviewed in *Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997):

> Section 2255 is not a way to advance arguments that could have been presented earlier-especially not when the arguments rest entirely on a statute. *See Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although § 2255 ¶ 1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed*, 512 U.S. at 348, *quoting from Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review-regardless of cause and prejudice." *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

Thus, relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

3.  Collins claims that he was denied the effective assistance of counsel at trial related to counsel's alleged failure to: 1) challenge Collins' competency to stand trial; 2) explain to Collins the consequences of foregoing the government's plea offer; and 3) challenge the court's imposition of an erroneous sentence.

4.  The Sixth Amendment provides a criminal defendant with the right "to have the Assistance of Counsel for his defence." "To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

   a.  The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (*quoting Strickland*, 466 U.S. at 688). The Supreme Court has recently "declined to articulate specific guidelines for appropriate attorney conduct and instead [ ] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (*quoting Strickland*, 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Holman v. Gilmore*, 126 F.3d 876, 881-82 (7th Cir. 1997).

   b.  The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Bell v. Cone*, 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003).

5.  Collins' specifications of the ineffective assistance of counsel at trial are unpersuasive here.

   a.  Regarding the alleged failure of his trial counsel to raise Collins' competency to stand trial, "[i]t is well-settled that a defendant may not be tried unless he has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and . . . a rational as well as factual understanding of the

proceedings against him.'" *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). A defendant is initially presumed to be competent to plead guilty. *United States v. Graves,* 98 F.3d 258, 260 (7th Cir. 1996). "A defendant is entitled to a hearing on his competency if a *bona fide* doubt arises about his ability to consult with his attorney or his understanding of the charges brought against him. Likewise, a trial judge must inquire *sua sponte* into a defendant's mental state if events in court call into question the defendant's competency." *Woods v. McBride,* 430 F.3d 813, 817 (7th Cir. 2005) (internal citations omitted). Whether a defendant is capable of understanding the proceedings and assisting counsel is dependent upon evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). The expanded record in this action wholly refutes the existence of an evidentiary basis supporting Collins' contention that he was incompetent to be tried or that additional inquiry should have been made along those lines. He was not prejudiced by his attorney's failure to initiate such an inquiry and his attorney did not perform in a deficient manner in failing to do so.

b.      Regarding the alleged failure of counsel to explain the consequences of foregoing a plea offer, the standard adopted in *Strickland* is equally applicable to guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 57-59 (1985). Failure to inform a client of a plea offer is a serious enough error to satisfy the performance prong of *Strickland.* See *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (collecting cases from several circuits, including *Johnson v. Duckworth,* 793 F.2d 898, 900-02 (7th Cir. 1986)). Notwithstanding the deficient performance prong of *Strickland,* to prevail on this claim Collins must also show prejudice. This means, that there is a reasonable probability that, but for counsel's advice, Collins would have accepted the plea. *Toro v. Fairman,* 940 F.2d 1065, 1068 (7th Cir. 1991). Here, prejudice has not been shown, because Collins has not shown that he would have accepted the plea offer. Following sentencing, Collins' medical examiner explained the following:

> During the present evaluation, although Mr. Collins described a history of auditory hallucinations, he reported that he chose to plead not guilty and go to trial because he was innocent. Specifically, he claimed that he was car jacked by the bank robbers. He did not describe any delusional ideation or auditory hallucination as being an influence upon his decision-making abilities during trial. In a telephone interview, Mr. Donahoe reported that Mr. Collins also told him that he wished to plead not guilty because he was innocent. Consistent with his self-report during the present evaluation, Mr. Collins told Mr. Donahoe that he was car jacked by the bank robbers.

*Movant's Exhibit 1*, p. 9. In addition, at sentencing, Collins stated, "Upon reading my presentence report, it appears that Mr. Thompson is implying that I admitted guilt to him. Therefore, I'd like to clarify for the Court the fact that, if I wanted to plead guilty at any phase, during these proceedings, it would have been at a time I appeared before you Honorable Judge and not a probation officer." *Sentencing Transcript*, pp.

3

3-4. In addition, Collins maintained his innocence throughout the sentencing. *Id.* at pp. 11, 26-28. The record fully contradicts Collins' claim that he would have pled guilty had his counsel explained the consequences of foregoing a plea offer. There is no entitlement to relief as to this claim.

c.     In addition, Collins contends that his trial counsel failed to challenge the imposition of a 118-month sentence for Count II, brandishing a firearm during a bank robbery in violation of 18 U.S.C. § 924(c). Under 18 U.S.C. § 924(c)(1)(A)(ii), the sentence for this crime shall be "not less than 7 years," and under 18 U.S.C. § 924(c)(1)(D)(ii), the sentence must be served consecutive to Collins' 105-month sentence for the armed bank robbery. The court thoroughly explained the reasons for the upward departures on both Count I and Count II and the reasons why a downward departure was not warranted here. *Sentencing Transcript,* pp. 23-26. Collins has not demonstrated how trial counsel's representation at sentencing resulted in prejudice to him within the meaning required by *Strickland* to support a claim of ineffective assistance of counsel. The *Strickland* standard has thus not been satisfied, because "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995).

6.     Collins also claims that his appellate counsel was ineffective for not raising trial counsel's ineffectiveness claims on direct appeal. The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins,* 528 U.S. 259, 285-86 (2000); *McCleese v. United States,* 75 F.3d 1174, 1180 (7th Cir. 1996); *Mayo v. Henderson,* 13 F.3d 528, 534 (2d Cir. 1994) (a habeas petitioner must demonstrate that appellate counsel's error or omission so prejudiced his chances on appeal that, absent counsel's deficient performance, there is a reasonable probability that his appeal would have been successful).

a.     As the discussion in paragraph 5 of this Entry shows, Collins would not have prevailed in his direct appeal even if allegations of ineffective assistance of counsel had been presented in his direct appeal. "It is not deficient performance to fail to raise an argument with no real chance of success," *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001).

b.     It is unlikely, moreover, that a claim of ineffective assistance of counsel at trial would even have been considered in Collins' direct appeal. A claim of ineffective assistance of counsel is an exception to the rule of procedural default and may be raised during a collateral challenge. *See Massaro v. United States,* 538 U.S. 500 (2003). Indeed, "in *Massaro,* the Supreme Court stated that collateral review is the preferred forum for raising ineffective-assistance claims even if the record on appeal 'contains some indication of deficiencies in counsel's performance.'" *United States v. Wilson,* 2007 WL 2031277, *6 (7th Cir. June 27, 2007)(unpublished order)(citing *Massaro,* 538 U.S. at 504). There was no prejudice to Collins from the failure of raising trial counsel's ineffectiveness claims on direct appeal.

7. It has been observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). The same is inescapably true as to Collins' arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice. "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting Strickland, 466 U.S. at 689). It was explained in *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir.1997), that:

> the question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland*,] 466 U.S. at 690, 104 S. Ct. at 2066. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke*, 116 F.3d 256 (7th Cir. 1997).

Collins' attorney fulfilled this role both at trial and at sentencing.

8. Collins claims that his abusive childhood and other aspects of his personal life states a ground for relief. All relevant features of Collins' family life and background were presented in the presentence investigation report and at sentencing. Further consideration of these circumstances is not warranted.

9. For the reasons explained above, Collins is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Judge
United States District Court

Date: 11/06/07